# EXHIBIT A



Records Search Home     Advanced Search     Bexar County

Home  /  Back to Search Results  /  Details

# Case #2017CI16426

History 6

**Name**
JUAN CARLOS SUAREZ

| Date Filed | Case Status | Litigant Type | Court |
|---|---|---|---|
| 08/29/2017 | PENDING | PLAINTIFF | 288 |

**Docket Type**
DEBT/CONTRACT

**Business Name**

**Style**
JUAN C SUAREZ

**Style (2)**
vs LIBERTY MUTUAL INSURANCE CORPORATION

## Case History     Go To Top

*Currently viewing 1 through 6 of 6 records*

| Sequence | Date Filed | Description |

| P00005 | 10/13/2017 | ORIGINAL ANSWER OF LIBERTY INSURANCE CORPORATION OMPROPERLY SUED AS LIBERTY MUTUAL INSURANE CORPORA TION |
| --- | --- | --- |
| S00001 | 9/12/2017 | CITATION LIBERTY MUTUAL INSURANCE CORPORATION ISSUED: 9/12/2017 RECEIVED: 9/18/2017 EXECUTED: 9/25/2017 RETURNED: 10/3/2017 |
| P00004 | 9/1/2017 | LETTER TO DISTRICT CLERK FRM: MILLIN & MILLIN ATTORNEYS RE: COPY & POSTAGE FEE PAID |
| P00003 | 8/29/2017 | JURY DEMAND JURY FEE PAID |
| P00002 | 8/29/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00001 | 8/29/2017 | PETITION |



Bexar.org | Bexar County County Clerk | Bexar County District Clerk
100 Dolorosa San Antonio, Texas 78205 | 210.335.2011

FILED
8/29/2017 4:52 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

Case 5:17-cv-01054-DAE   Document 1-2   Filed 10/19/17   Page 4 of 14

citpps w/jd sac1

CAUSE NO. **2017CI16426**

| | | |
|---|---|---|
| **JUAN CARLOS SUAREZ** § | | IN THE DISTRICT COURT |
| **Plaintiff** § | | |
| § | | |
| VS. § | | |
| § | | BEXAR COUNTY, TEXAS |
| **LIBERTY MUTUAL INSURANCE** § | | |
| **CORPORATION** § | | |
| **Defendant** § | | <u>288</u> JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **JUAN CARLOS SUAREZ** (herein "Plaintiff"), and files this Original Petition complaining of Defendant, **LIBERTY MUTUAL INSURANCE CORPORATION** "Insurer," and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. PARTIES

2. **Plaintiff, Juan Carlos Suarez** is an individual residing in the State of Texas.

3. **Defendant, Liberty Mutual Insurance Corporation** is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its attorney for service Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. VENUE AND JURISDICTION

4. Suit is proper in Bexar County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in

Bexar County, Texas. TEX.CIV.P.REM. CODE §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Bexar County, Texas. TEX.CIV.P.REM. CODE §15.035(b).

### IV. FACTUAL BACKGROUND

5. Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to his property located at 18315 Settlement Way, San Antonio, Bexar County, Texas 78258-4488. Pursuant to the terms of the policy, numbered H37329805220740, Plaintiff had insurance protection on the dwelling and on any personal property for any and each such loss resulting from windstorm and hail damage. The building insured by Liberty Mutual Insurance pursuant to the insurance contract sustained damage as the result of a storm which struck the San Antonio area in April, 2016. The wind and hail storm created openings in the roof and building envelope, through which rain entered and caused extensive damage. Further, the storm caused damage to the Plaintiff's roof, the exterior, the interior, among other building elements, all of which were covered damage under the policy of insurance. Thereafter, the insurer conducted a pretextual and faulty investigation. Liberty Mutual Insurance underpaid Plaintiff's property damage claim even though liability for such damages was reasonably clear.

6. Insured wrongfully denied and/or underpaid Plaintiff's claim under the policy. Plaintiff seeks a declaration that their claimed losses are covered occurrences under the Policy and seek damages for her insurer's wrongful denial.

7. Plaintiff hired the undersigned attorneys to pursue the matter following their insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiff, a written demand for payment was made. To date, Insurer has failed and refused to pay Plaintiff for his attorney's fees, expenses and mental anguish in having to pursue that which he is entitled

2

under the policy of insurance.

## V. CAUSES OF ACTION

### A.   BREACH OF CONTRACT

8.   Plaintiff incorporates each of the previous allegations set forth herein.

9.   Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

10.   Insurer failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff to suffer those losses together with other harm as described further in this petition.

### B.   TEXAS INSURANCE CODE VIOLATIONS

11.   Plaintiff incorporates each of the previous allegations set forth herein.

12.   More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Section 541 and 542, et seq. was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, her insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by her insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

13.   In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

> 541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this

3

insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff damages. Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTIES

14. Plaintiff incorporates each of the previous allegations set forth herein.

15. From and after the time Plaintiff's claim was presented to their insurer, liability to pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there

4

being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff's claim, Insurer refused to accept the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff's claim.

16. At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

17. Consequently, Insurer breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to the Plaintiff.

### VI. ACTUAL DAMAGES AND TREBLING OF DAMAGES

18. Plaintiff incorporates each of the previous allegations set forth herein

19. Insurer's conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount in excess of the minimum jurisdiction.

20. These acts and omissions on Defendant insurer's part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

21. Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

## VII. RULE 47(c) STATEMENT

22. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief she seeks is monetary in nature, over $200,000.00 but not more than $1,000, 000.00

23. Plaintiff incorporates each of the previous allegations set forth herein.

24. Insurer's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorneys whose names are subscribed to this petition. Plaintiff is, therefore, entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented their claim for attorney's fees, but insurer chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq. and the Texas Insurance Code.

## VIII. CONDITIONS PRECEDENT

25. All of the conditions precedent to bringing this suit and to Insurer's liability under the Policy for the claims alleged have been performed or have occurred.

## IX. JURY DEMAND

26. Plaintiff respectfully requests trial of this cause before a Hidalgo County jury.

## X. INITIAL DISCLOSURES

27. Plaintiff requests that Defendant disclose the information listed in Texas Rule of Civil Procedure 194.2 within 50 days of being served with this Petition.

## XI. PRAYER

**WHEREFORE**, Plaintiff requests that Farmers Insurance be cited to appear and answer, and that on final trial, Plaintiff have the following:

6

a. Judgment against the Insurer for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. By reason of Insurer's knowing and intentional conduct, treble damages as allowed by the Texas Insurance Code;

c. 18% interest, as allowed by the Texas Insurance Code for violation of the Prompt Payment of Claims statute;

d. Prejudgment interest as provided by law;

e. Postjudgment interest as provided by law;

f. Attorney's fees;

g. Costs of suit; and

h. All other relief to which Plaintiff may show herself entitled, either at law or in equity, either general or special, under the facts set forth in their claims.

Respectfully submitted,

**MILLIN & MILLIN, PLLC**
4107 North 22nd Street
McAllen, Texas 78504
Tel: (956) 631-5600
Fax: (956) 631-5605

/s/ JOHN A. MILLIN IV
JOHN A. MILLIN IV
State Bar No 24005166
*Attorney for Plaintiff*

PRIVATE PROCESS

Case Number: 2017-CI-16426     2017CI16426 S00001

**JUAN C SUAREZ**
**VS.**
**LIBERTY MUTUAL INSURANCE CORPORATION**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To: LIBERTY MUTUAL INSURANCE CORPORATION
BY SERVING ITS ATTORNEY FOR SERVICE CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 29th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 12TH DAY OF SEPTEMBER A.D., 2017.

JOHN A MILLIN
ATTORNEY FOR PLAINTIFF
4107 N 22ND ST
MCALLEN, TX 78504-4141



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

JUAN C SUAREZ
VS
LIBERTY MUTUAL INSURANCE CORPORATION

**Officer's Return**

Case Number: 2017-CI-16426
Court: 288th Judicial District Court

I received this CITATION on the __18th__ day of __September__ 20__17__ at __11:10__ o'clock __A__ M and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION on the date of delivery endorsed on it to _____ in person on the _____ day of _____, 20____ at _____ o'clock ___M. at _____ or ( ) not executed because _____

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas
By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

_____
Declarant

RETURN TO COURT (DK002)

FILED
10/13/2017 2:11 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

CAUSE NO. 2017CI16426

| | | |
|---|---|---|
| JUAN CARLOS SUAREZ | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE CORPORATION | § § | |
|     Defendant. | § | 288TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Liberty Insurance Corporation, *improperly sued as* Liberty Mutual Insurance Corporation, hereby files its Original Answer and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant Liberty Insurance Corporation generally denies each and every allegation contained in Plaintiff's Original Petition, and any subsequent amendments thereof, pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II. RIGHT TO APPRAISAL

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III. JURY DEMAND

Defendant Liberty Insurance Corporation demands a jury trial in this matter. A jury fee is being filed contemporaneously with the filing of this Jury Demand.

## IV.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation respectfully prays for a judgment that Plaintiff takes nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

                                                Respectfully submitted,

                                                LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
      David R. Stephens
      State Bar No. 19146100
      Kelly J. Moynihan
      State Bar No. 24085805
      One Riverwalk Place
      700 N. St. Mary's St., Suite 1700
      San Antonio, Texas 78205
      Telephone: (210) 227-2200
      Facsimile: (210) 227-4602
      dstephens@lstlaw.com
      kmoynihan@lstlaw.com

*Counsel for Defendant Liberty Insurance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Original Answer was served by facsimile and/or electronic service on the 13th day of October, 2017 upon the following counsel of record:

John A. Millin IV
MILLIN & MILLIN PLLC
4107 North 22nd Street
McAllen, Texas 78504

_____
Kelly J. Moynihan